IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.	Case No: 5:98cr8/LAC
5:06cv19/LAC/MD

CARLOS DEGLACE

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 433). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is successive and that it should be summarily dismissed.

I. BACKGROUND

Defendant was convicted after a jury trial of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. He was sentenced to a term of 364 months. He appealed, and his conviction and sentence were affirmed in July of 2000. He filed myriad post-trial motions, but of particular import here is the fact that he filed an amended motion to vacate, set aside or correct sentence on December 20, 2001 (doc. 227) which was denied on May 17,

2002.  (Doc. 241 & 246).    Thus, the motion now before the court is his second such motion.  In the instant motion, defendant seeks relief pursuant to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which held that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.

## II.  LEGAL ANALYSIS

A second or successive motion for § 2255 relief must be certified by the court of appeals upon motion to that court by the applicant.  28 U.S.C. § 2244(b)(3) and § 2255; *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996).  A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).  Defendant's motion must be dismissed, as the record does not reflect that he has either sought or obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive motion. *See, In re Joshua*, 224 F. 3d 1281, 1283 (11th Cir. 2000); *Medina v. Singletary,* 960 F.Supp. 275 (M.D. Fla 1997).[1]  Furthermore, it is unlikely that he will be able to obtain such certification, as *Booker* has not been held to be retroactive

---

[1] The court also notes that the defendant's motion is facially untimely. Defendant's prior § 2255 motion was dismissed as untimely, and despite defendant's attempt to couch his claims as "jurisdictional" issues, so that he may escape the time bar, this is not an accurate characterization.  And even if it were, this does not allow him to circumvent the ban on second or successive motions absent authorization from the appropriate appellate court.

to cases on collateral review.  *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir.), cert. denied, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Booker may not be applied retroactively to second or successive habeas petitions.")

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 18 U.S.C. § 2255 (doc. 433) be summarily DISMISSED as successive.

At Pensacola, Florida, this 20th day of January, 2006.

/s/ *Miles Davis*
   **MILES DAVIS**
   **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636; Local Rule 27(B);** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:98cr8/LAC; 5:06cv19/LAC/MD*